**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:16-cv-01296-PAB-NYW

NANCY HANEY,
Plaintiff,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION; BANK OF AMERICA NA; THE CASTLE LAW GROUP, LLC a Colorado Limited Liability Company; MEDVED DALE DECKER & DEERE, LLC, a Colorado Limited Liability Company; SETERUS, INC. WILMINGTON SAVINGS FUND SOCIETY FSB, as Trustee for Carlsbad Funding Mortgage Trust; JANEWAY LAW FIRM, PC, a Colorado Professional Corporation; MORTGAGE ELECTRONIC REGISTRY SYSTEMS, INC.; ROBERT FENSTEMAKER, an individual; JOHN W. HICKENLOOPER, Governor of the State of Colorado; DEE DEE COPPER, Chaffee County Public Trustee; DISTRICT COURT IN AND FOR THE ELEVENTH JUDICIAL DISTRICT; and DOES 1-100
Defendants.

---

**DEFENDANT JANEWAY LAW FIRM, P.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b)(1), 12(b)(6)**

---

COMES NOW Defendant Janeway Law Firm, P.C. ("JLF") by and through their undersigned counsel, who moves to dismiss Plaintiff's Complaint ("Complaint") in its entirety pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6).

## CERTIFICATION

Pursuant to D.C.Colo.L.Civ.R. 7.1(a), as the instant motion is a dispositive motion under Fed. R. Civ. P. 12, counsel did not confer with the plaintiff prior to filing.

## I. INTRODUCTION

Plaintiff's 69-page complaint is yet another run in federal court challenging the constitutionality of Colorado's foreclosure statutes. Plaintiff contends Colorado's foreclosure procedures "…create a unique barrier to due process through establishment of a separate class of person called a qualified holder." *See Complaint, pg. 14, ¶74.* Therefore, Plaintiff reasons all actions to enforce the promissory note and deed of trust perpetuated under the alleged

unconstitutional foreclosure statutes are unlawful and result in an invalid foreclosure. Plaintiff's complaint impermissibly invites the federal court to review and overturn the complete state court foreclosure action.

Plaintiff's Complaint states numerous causes of action against various defendants. The causes of action filed against JLF are: (i) violations under 42 U.S.C. §§1983, 1985, 1988, (ii) common law fraud, (iii) fraudulent concealment, (iv) violations of Colorado Fair Debt Collection Practices Act, C.R.S. §§12-14-107(1)(b)(I), 12-14-108(1)(f)(I), (v) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692(e)(2)(A), 1692(f)(6), (vi) intentional infliction of emotional distress, (vii) negligent infliction of emotional distress, and (viii) civil RICO. The claims against JLF lack factual or legal support. The window of time JLF represented the foreclosing lender was less than four months and the actions taken during the course of the foreclosure do not lend themselves as support to any of the claims alleged.

## II. STANDARD OF REVIEW

In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "[a]ll well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party." *Teigen v. Reffrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). The pleading requirement under Fed. R. Civ. P. 8(a)(2) mandates the complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."

The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). To survive a Rule 12(b)(6) motion, the basis for "'plaintiff's entitle[ment] to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do (*citation omitted*)." *Twombly,* 550 U.S. at 555. The *Iqbal* Court notes "[t]wo working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements (*citation omitted*). Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense *(citation omitted)" Iqbal,* 556 U.S. at 663-64.

In reviewing a motion to dismiss under Rule 12(b)(1) attacking the factual basis of the complaint, the Court may rely on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts and reference to such evidence does not convert a motion to dismiss into a motion for summary judgment pursuant to Rule 56. *Driskell*, 971 F.Supp.2d at 1059; *see also Stuart v. Co. Interstate Gas Co*., 271 R.3d 1221, 1225 (10th Cir. 2001). Likewise, in evaluating a motion to dismiss under Rule 12(b)(6), the Court may consider facts subject to judicial notice without converting the motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004).

## III. FACTS

The facts relevant to the determination of JLF's motion to dismiss as alleged in the Complaint is subject to judicial notice under Fed. R. Evid. 201(d).

1. On or about February 7, 2008, Robert Fenstemaker, a named defendant in this action, obtained a loan and executed a Note in the amount of $107,500.00 payable to the order of Countrywide Bank, FSB ("Note"). *See* RFJN Exh. A and Compl., ¶31.

2. The Note was secured by a purchase money deed of trust encumbering property located at 9095 County Road 120, Salida, CO 81201-9403 ("the Property"), executed by Plaintiff

Nancy Haney and defendant Robert Fenstemaker dated February 7, 2008 ("Deed of Trust"). *See* RFJN Exh. B and Compl. ¶32.

3. Bank of America, N.A. ("BANA") as the holder of the Note, initiated several prior foreclosure actions through The Castle Law Group, LLC, ("CLG") another named defendant. *See* Plaintiff's Exhs. 1-3 and 6.

4. BANA initiated a foreclosure action by filing a Notice of Election and Demand, dated February 4, 2014. *See* RFJN, Exh. D and Compl. ¶148. The foreclosure filing was identified as sale number 14-0239 ("2014 Foreclosure").

5. BANA, through CLG, filed a motion seeking an order authorizing sale with the Chaffee County District Court on May 2, 2014 and identified as case number 2014CV030022 ("2014 Rule 120 case"). *See* Compl. ¶151.

6. At the request of BANA, the 2014 Foreclosure and 2014 Rule 120 was transferred to JLF on May 23, 2014. *See* Compl., ¶155.

7. On May 28, 2014, JLF filed its substitution of counsel in the 2014 Rule 120 case. *See* RFJN, Exh. E.

8. On June 20, 2014, JLF filed a motion to vacate and continue the 2014 Rule 120 hearing scheduled for June 23, 2014, which was granted by the Chaffee County District Court. *See* RFJN, Exh. F.

9. On July 31, 2014, the Chafee County District Court granted Plaintiff's unopposed motion to vacate and continue the August 1, 2014 Rule 120 hearing. *See* RFJN, Exh. G.

10. On August 18, 2014, the Chaffee County District Court granted a motion to dismiss the 2014 Rule 120 case. *See* RFJN, Exh H.

11. On August 29, 2014, JLF sent a request to the Chaffee County Public Trustee to withdraw the 2014 Foreclosure. *See* RFJN, Exh. I. On September 8, 2014, the Chaffee County Public Trustee processed the withdrawal. *See* RFJN Exh. I and Compl., ¶163.

12. JLF's involvement in the 2014 Foreclosure was limited to vacating the 2014 Rule 120 hearing, dismissing the 2014 Foreclosure, and the 2014 Rule 120 case. JLF is mentioned in the factual allegations in passing on Compl. ¶155 (regarding the transfer of the Foreclosure from CLG to JLF) and Compl. ¶159-163 (regarding the dismissal of the 2014 Rule 120 case and the withdrawal of the 2014 Foreclosure), yet JLF was included in ten out of the thirteen claims.

13. Subsequent to JLF's involvement, Medved Dale Decker & Deere, LLC, filed a foreclosure, which concluded in the sale of the Property on May 4, 2016. *See* Compl., ¶204; *See* Plaintiff's Exhibit 8.

## IV. LEGAL ARGUMENT

### A. PLAINTIFF'S CLAIMS FOR RELIEF ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE

The threshold question of subject matter jurisdiction must be addressed prior to consideration of other issues presented in a motion to dismiss. *Driskell*, 971 F. Supp.2d at 1062. The *Rooker-Feldman* Doctrine prevents the Court from exercising subject matter jurisdiction over Plaintiff's claims against JLF. "The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Miller v. Deutsche Bank Nat'l Trust Co.* (*In re Miller*), 666 F.3d 1255, 1261 (10th Cir. 2012).

"Appellate review- the type of judicial action barred by *Rooker-Feldman* – consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with the law." *Campbell v. Spencer*, 682 F.3d 1278, 1283 (10th

Cir. 2012) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006). "If success on the claims alleged in federal court would necessarily require the federal court to review and reject the state court's judgment, *Rooker-Feldman* applies." *Kline v. Deutsche Bank National Trust Co*. (*In re Kline*), 472 B.R. 98, 105 (10th Cir. BAP June 1, 2012).

In the context of considering the applicability of the *Rooker-Feldman* doctrine to a C.R.C.P. 120 foreclosure action, appropriate application of the doctrine is "dependent on a few variables, including when the federal case was initiated and what relief is sought by the plaintiff." *Driskell*, 971 F. Supp. 2d at 1062. The 10th Circuit has ruled that "*Rooker-Feldman* did not apply to determinations, in Colorado Rule 120 proceedings, at least insofar as preventing a foreclosure sale where proceedings are pending." *McDonald v. OneWest Bank, F.S.B.*, 680 F.3d 1264, 1266 (10th Cir. 2012). Conversely, where the foreclosure sale has occurred and the relief sought in federal court is aimed at undoing the foreclosure action, the *Rooker-Feldman* doctrine is applicable. In *Dillard v. Bank of New York*, 476 Fed. Appx. 690 (10th Cir. BAP 2012), the plaintiff brought numerous claims in federal court under federal and state statutes seeking relief from completed foreclosure and eviction actions. "We recognize that Rule 120 proceedings are not amenable to application of the *Rooker-Feldman* doctrine *(internal citation and note omitted*). Ms. Dillard, however, is not seeking to enjoin the sale of her home; rather, she is attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated this suit. Under these circumstances, *Rooker-Feldman* bars her claims." *Dillard v. Bank of New York*, 476 Fed. Appx. at 692 n.3. Similarly, *Rooker-Feldman* precludes the exercise of subject matter jurisdiction where the state foreclosure proceedings are concluded after the federal action is initiated and where Plaintiff's request for relief would completely undo the foreclosure proceeding. *Driskell,* 971 F.Supp.2d at 1064 (distinguishing *Niederquell v. Bank*

*of America, N.A.*, No. 11-cv-03185-MSK-MJW, 2012 WL 1578060 (D.Colo. May 4, 2012) where the state foreclosure action was not completed).

The undisputable facts in this case demonstrate that the state foreclosure action has been concluded. According to Plaintiff's Complaint, the foreclosure sale occurred on May 4, 2016, with Wilmington Savings, another named defendant being the highest bidder *See* RFJN, Exh. J and Compl. ¶204. Following the expiration of all applicable redemption periods, a Confirmation Deed was issued to the third party purchaser as holder of the Certificate of Purchase (RFJN Exh. K). The Rule 120 Court issued an order approving the sale (RFJN Exh. L).

Like the *Driskell* and *Dillard* plaintiffs, this Plaintiff seeks to "completely undo" the completed foreclosure action. The aim of Plaintiff's Complaint is to have this Court declare Colorado foreclosure statutes unconstitutional, thereby resulting in a void foreclosure sale. The relief requested by Plaintiff requires the review and rejection of the state court foreclosure proceedings in federal court, conduct which is "explicitly prohibited by the *Rooker-Feldman* doctrine." *Driskell*, 971 F.Supp.2d at 1063.

The balance of Plaintiff's claims are inextricably intertwined with the various state foreclosure proceedings and Rule 120 cases and as such, are barred by *Rooker-Feldman.* "The Rooker-Feldman doctrine…provides that lower federal courts…lack jurisdiction to engage in appellate review of claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Kline*, 472 B.R. at 105. Plaintiff's remaining claims are predicated upon a challenge to the validity and constitutionality of Colorado's foreclosure statutes, for example Plaintiff's civil RICO claim for relief alleges: "… the Defendants did not have possession of the relevant evidence of debt, were not otherwise authorized to foreclose upon Ms. Haney's property, and thus did not have standing to enforce the NOTE through the

power of sale contained in the relevant deed of trust." *See* Compl., ¶379. The Colorado and Federal Fair Debt Collection Practices Act claims follows suit relying upon the misguided premise that the defendants were engaging in false, deceptive or misleading representations "…with the collection of debt relating to the above-referenced foreclosures on the Property by repeatedly filing "copies of copies" of an evidence of debt with the Public Trustee and State District Court, and claiming to be the holder of an evidence of debt without possession of the same." *See* Compl., ¶341. Plaintiff's claims have one objective - to undermine the completed state court foreclosure proceedings. To the extent that Plaintiff's claims are inextricably intertwined with her attack on the final state foreclosure proceedings, the federal court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and the claims should be dismissed with prejudice.

**B. PLAINTIFF'S SECOND CAUSE OF ACTION FOR VIOLATIONS OF 42 U.S. C. §§1983, 1985, 1986 FAIL TO STATE A CLAIM FOR RELIEF AGAINST JLF.**

1. Elements of U.S.C. §1983: To maintain a claim pursuant to 42 U.S.C. §1983 Plaintiff must demonstrate: (i) the deprivation of rights secured by the Constitution or federal law and (ii) action occurring under color of state law. *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984).

2. Plaintiff failed to allege the second element: Plaintiff's claim is untenable as JLF is not a state actor. Section "1983 does not impose liability in the absence of action by a person acting under color of state law…If the defendant's conduct does not qualify as state action, then the inquiry into §1983 liability ends." *Ramsey v. Citibank,* Case 2011 WL4485918 at *4-5 (D. Colo. Sept. 28, 2011). "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for purposes of §1983."

*Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Goetz v. Windsor Cent. School Dist.*, 593 F.Supp. 526,528 (N.D.N.Y. 1984)).

For an act to amount to a deprivation of constitutional rights committed under the color of state law, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). The constitutional claims asserted by Plaintiff against JLF are precisely the type of claims the *Lugar* Court sought to prevent. In this instance, JLF is a private law firm employing a state procedure on behalf of its private client.

JLF is not a state actor by virtue of utilizing the state foreclosure laws. "'The Supreme Court has characterized the private use of state legal procedures for purposes of the Fourteenth Amendment as attributable to the state only in situations where the state has created a system which allows state officials to attach property on ex parte application … It is in these ex parte, prejudgment situations that the courts have found the state is itself participating in the deprivation of property, and the constitutional requirements of due process apply.' (internal citations omitted). Unlike an ex parte situation, the initiation of a foreclosure proceeding pursuant to a mortgage does not implicate similar 'authority of state law.' (internal citation omitted). Otherwise, every foreclosure action between private parties 'would transform' into 'state action of constitutional dimensions." *Zebrowski v. Wells Fargo Bank*, 657 F. Supp. 2 511, 522 (D. N.J. 2009) (citing *Earnest v. Lowentritt*, 690 F.3d 1198 (5th Cir. 1982)).

With regard to Plaintiff's "conspiracy" claim under 42 U.S.C. §1985 and proceedings in vindication of civil rights under 42 U.S.C. §1988, alleges in a conclusory fashion that defendants "…violated Ms. Haney' rights, privileges, and immunities secured by the Constitution, guaranteed by the Fifth and Fourteenth Amendments" when the law firm defendants "… used electronic communication and mail to send and receive documents to and from the clerk and recorder, Public Trustee, and State District Court." *See* Compl., ¶257-258. According to Plaintiff, the "… state entities relied on the qualified holders and their attorneys …" and "…state entities failed to properly investigate the conduct of the foreclosing Defendants after repeated notice from Ms. Haney." *See* Compl.,¶259-260. Plaintiff alleges that "…foreclosing Defendants and their attorneys engaged in a pattern of racketeering and obfuscation … ." *See* Compl., ¶261. "[W]hen a plaintiff attempts to assert the state action required for a §1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient." *Beedle,* 422 F.3d at 1073 (internal quotes and citation omitted). This analysis applies to claims under Section 1985 based upon a conspiracy to violate Plaintiff's constitutional rights. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1988). A conspiracy claim is a derivative cause of action, "[i]f the acts alleged to constitute the underlying wrong provide no cause of action, then there is no cause of action for the conspiracy itself." *Double Oak Constr., LLC v. Cornerstone Dev. Inter., LLC*, 97 P.3d 140, 146 (Colo. App. 2003). As discussed above, Plaintiff has not alleged any set of facts which would give rise to a legal wrong perpetrated by JLF. As such, JLF's motion to dismiss should be granted regarding violations of 42 U.S.C. §§1983, 1985 and 1988.

### C. PLAINTIFF'S FIFTH CAUSE OF ACTION FOR COMMON LAW FRAUD FAILS TO STATE ANY FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AGAINST JLF

1. Elements of Fraud: Plaintiff must plead the circumstances constituting fraud with specificity under Fed. R. Civ. P. 9(b). Plaintiff must allege that: (i) the defendant made a false representation of a material fact; (ii) the one making the representation knew it was false; (iii) the person to whom the representation was made was ignorant of the falsity; (iv) the representation was made with the intention that it be acted upon; and (v) the reliance resulted in damage to the plaintiff. *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005).

2. Plaintiff failed to allege any elements of fraud: Plaintiff fails to allege the false representation of a material fact with any specificity. . Plaintiff asserts that Colorado's foreclosure statutes are unconstitutional because, in part, the statement of qualified holder pursuant to C.R.S. §§38-38-100.3(2), 38-38-101(2)(a), deprives the Plaintiff of due process and is fraudulently executed by the foreclosing attorneys. Plaintiff cannot allege this is a false misrepresentation of a material fact against JLF, namely because JLF did not initiate or execute the 2014 Foreclosure filing or the statement of qualified holder. *See* Plaintiff's Exh. 6. JLF's extremely limited involvement with the 2014 Foreclosure was to vacate and continue the 2014 Rule 120 hearings, subsequently withdraw the 2014 Foreclosure and dismiss the 2014 Rule 120 case.

As Plaintiff has failed to allege the false representation of a material fact against JLF in her Complaint, the remaining elements of fraud cannot be established. Without the requisite false representation, Plaintiff cannot practically allege JLF's knowledge of the falsity; Plaintiff's ignorance of the falsity or the intention that Plaintiff acts upon the false representation.

**D. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT FAILS TO STATE ANY FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AGAINST JLF**

1. Elements of Fraudulent Concealment: Plaintiff must show concealment of a material fact that in equity and good conscience should be disclosed, knowledge on defendant's part that such a fact is being concealed, ignorance of that fact on plaintiff's part, the intention that the concealment be acted upon, and action on the concealment resulting in damages. *Williams v. Boyle*, 72 P.3d 392, 399 (Colo.App. 2003).

2. Plaintiff failed to allege any elements of fraudulent concealment: Again, Plaintiff does not allege what the material fact was that should have been disclosed by JLF. Although unclear, Plaintiff appears to allege that the undisclosed material fact is that the statement of qualified holder is executed without inspection of the original loan documents. JLF did not initiate the 2014 Foreclosure and did not execute any 2014 Foreclosure documents, other than the withdrawal of the 2014 Foreclosure. JLF did not conceal any material facts from Plaintiff. Plaintiff fails to allege the first element and cannot meet the other elements of fraudulent concealment. Accordingly, this cause of action should be dismissed with prejudice.

**E. PLAINTIFF FAILS TO STATE CLAIMS FOR RELIEF AGAINST JLF FOR VIOLATIONS OF COLORADO'S FAIR DEBT COLLECTION PRACTICES ACT ("CFDCPA")AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDPCA")**

1. The CFDCPA and FDPCA do not apply to action taken by JLF within the context of the 2014 Foreclosure proceedings. Plaintiff must plead and prove four elements: (1) that Plaintiff is a natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C.A. §§1692a(3), 1692c(d);(2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C.A. § 1692a(5);(3) the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C.A. § 1692a(6); and (4) the defendant has violated, by act or omission, a provision of the

FDCPA. *Lucero v. Bureau of Collection Recovery, Inc.*, 2012 U.S. Dist. LEXIS 26561 at 12 (D.N.M. Feb. 28, 2012).

2. Plaintiff failed to plead any elements: The foundation of Plaintiff's FDCPA claims against JLF are predicated upon the underlying 2014 Foreclosure, which is not debt collection activity. In this District, the FDCPA does not to apply to foreclosure actions. The "vast majority of courts to address the issue, however, have determined that such actions fall outside the scope of the FDCPA." *Patrick v. Bank of N.Y. Mellon*, 2012 U.S. Dist. LEXIS 37015 at 41 (D. Colo., March 1, 2012) (citing *Yokomizo v. Deustche Bank Sec., Inc.*, 2011 U.S. Dist. LEXIS 122218, 2011 WL 5024899 at 4). "This court finds no extenuating circumstances to warrant deviation from the majority view on this issue in the absence of the Tenth Circuit guidance to the contrary." *Patrick*, 2012 U.S. Dist. LEXIS 37015 at 41.

Similarly, to the extent Plaintiff claims violations of the CFDCPA based upon the 2014 Foreclosure Action, the CFDCPA is patterned on the federal statute. The *Patrick* ruling is "persuasive guidance" in construing the CFDCPA. *Flood v. Mercantile Adjustment Bureau, LLC*, 176 P3d 769, 772 (Colo. 2008).

Plaintiff's claim should also be dismissed because the Complaint states no specific facts that support a cause of action under the FDCPA or CFDCPA. Plaintiff's Complaint alleges that defendants "… used false, deceptive or misleading representations ..." *See* Compl., ¶341, and ¶350. Plaintiff fails to set forth what acts or omissions by defendants amounted to violations of the CFDCPA and FDCPA.

2. Plaintiff's CFDCPA and FDCPA claims against JLF are time-barred. To the extent the Plaintiff may assert that JLF's involvement in the 2014 Foreclosure from May 20, 2014 to August 29, 2014, forms the basis of claims under the FDCPA and CFDCPA, those

claims are time-barred by the applicable statute of limitations and must be dismissed with prejudice. A claim alleging violations of the FDCPA and CFDCPA must be brought within one year of the alleged violation as required by 15 U.S.C. § 1692k(d) and C.R.S. 12-14-113(4). Presumably, the allegations in the Complaint arise from JLF's involvement in the Foreclosure which was during May 20, 2014 to August 29, 2014. Even if the Court were to consider JLF's involvement in the 2014 Foreclosure as a potential violation of the FDCPA and CFDCPA, JLF's involvement ended August 29, 2014. The instant action was filed on May 27, 2016, well outside of the one year statute of limitations.

**F. PLAINTIFF'S TWELFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE ANY FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AGAINST JLF**

1. Elements of Intentional Infliction of Emotional Distress: The elements of intentional infliction of emotional distress, also referred to as outrageous conduct are: 1) the defendant engaged in extreme and outrageous conduct, 2) recklessly or with the intent of causing the plaintiff severe emotional distress; and 3) causing the plaintiff severe emotional distress. *Pearson v. Kancilia*, 70 P.3d 594, 597 (Colo.App. 2003). The level of outrageousness required to create liability is extremely high. *Id.* "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are insufficient. Only conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possibilities of decency and be regarded as atrocious and utterly intolerable in a civilized community, will suffice. *Id.* "Facts must so arouse resentment against the defendant in average members of the community as to lead them to exclaim, "Outrageous!" *Id.*

2. Plaintiff's claims fails to allege any of the elements of intentional infliction of emotional distress: Plaintiff's Complaint fails to allege any specific facts that give rise to a claim

for intentional infliction of emotional distress. Plaintiff alleges that the "… unlawful and bad faith actions over the court of the last six years …" has caused "… a severe physical and emotional toll on Ms. Haney." *See* Compl., ¶¶364, 366. Plaintiff cannot reasonably assert any elements of intentional infliction of emotional distress exist against JLF because there are no factual allegations to support this claim. JLF did not initiate the 2014 Foreclosure, nor did it complete the foreclosure sale. JLF's limited actions could never be considered outrageous by average members in the community. - It is evident that Plaintiff fails to allege any facts to support a claim for intentional infliction of emotional distress and should be dismissed with prejudice.

**G. PLAINTIFF'S THIRTEENTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE ANY FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AGAINST JLF**

1. Elements of Negligent Infliction of Emotional Distress: The first element of any negligence claim is the existence of a legal duty which JLF would owe to Plaintiff. *Bigby v. Big 3 Supply Co.*, 937 P.2d 794 (Colo.App. 1996). Next, Plaintiff must show that JLF's negligence created an unreasonable risk of physical harm and caused Plaintiff to be put in fear for her own safety, that this fear had physical consequences or resulted in long-continued emotional disturbance, and that Plaintiff's fear was the cause of the damages sought. *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 496 (Colo.App.Div. 4 2011). Plaintiff must show that she either suffered physical injury or was in the "zone of danger." *Id.*

2. Plaintiff cannot meet the first element of negligent infliction of emotional distress: Plaintiff attempts to establish that JLF owes a legal duty to her by alleging that the deed of trust contains contractual requirements that "… carry with it a duty of good faith and fair dealings …" JLF is not a party to any contracts with Plaintiff.

Plaintiff has failed to identify a specific duty under the facts of this case that would support a claim for negligent infliction of emotional distress. Not only has Plaintiff failed to allege any facts on how JLF would owe a legal duty to her, but also completely fails to allege any facts demonstrating JLF's action created an unreasonable risk of physical harm and caused Plaintiff to be put in fear for her own safety. JLF's actions did nothing to risk Plaintiff's physical harm; to the contrary, JLF's actions ultimately benefited Plaintiff because the 2014 Foreclosure and 2014 Rule 120 case were withdrawn and dismissed. Plaintiff's negligent infliction of emotional distress should be dismissed with prejudice.

**H. PLAINTIFF'S FOURTEENTH CAUSE OF ACTION FOR CIVIL RICO FAILS TO STATE ANY FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AGAINST JLF**

1. Elements of a RICO claim: The defendant through two or more predicate acts which constitute a pattern of racketeering activity directly or indirectly participates in the conduct of an enterprise the activities of which affect interstate commerce, and plaintiff's business or property were injured by the conduct constituting the violation. *Sedina v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)*; see also Ambraziunas v. Bank of Boulder,* 846 F. Supp. 1459, 1462-63 (D. Colo. 1994). To survive a Fed.R.Civ.P. 12(b)(6) challenge, a civil RICO claimant must set forth with particularity the predicate acts she alleges give rise to a cause of action. *Indianapolis Hotel Investors, Ltd. V. Aircoa Equity Interests, Inc.,* 733 F.Supp. 1406 (D.Colo. 1990). In the Tenth Circuit, this requires a plaintiff to set forth the time, place and actions constituting the "racketeering activity" and the consequences thereof. *See Ambraziunas*, 846 F. Supp. At 1462.

2. Plaintiff failed to plead a single element of RICO: While Plaintiff spends an inordinate amount of time alleging a scheme relating to foreclosure law firms that initiated

foreclosure filings against Plaintiff without production of the original note, none of the allegations focus on JLF's actions in this case because JLF did not initiate the 2014 Foreclosure. As previously stated, JLF's involvement was limited to two motions to vacate and continue the 2014 Rule 120 hearing; a motion to dismiss the 2014 Rule 120 hearing and withdrawal the 2014 Foreclosure. It appears from Plaintiff's complaint that the alleged predicate act was the attorney's execution of the statement of qualified holder without inspection of the original note. JLF did not initiate the 2014 Foreclosure, nor did it execute any of the initiating 2014 Foreclosure documents. JLF's sole act in connection with the 2014 Foreclosure was the execution of the withdrawal of the 2014 Foreclosure through the Public Trustee.

Not only did Plaintiff fail to plead any predicate acts relating to JLF's involvement, she did not provide any statements with particularity relating to the time, place, and actions constituting the racketeering activity. While there are statements in the Complaint concerning "electronic communication and the United States postal system in order to communicate with homeowners about the foreclosure actions being brought against them and to transfer documents needed to perpetrate fraudulent foreclosures, "… not one of those inflammatory allegations are stated with particularity and certainly do not allege that JLF was part of the racketeering activity. *See* Compl., ¶385. The Complaint is completely devoid of any particular statements relating to the time, place, and actions constituting the racketeering activity. Plaintiff's civil RICO claim should be dismissed with prejudice.

## V. **<u>CONCLUSION</u>**

It is clear from the Complaint that Plaintiff's claims against JLF are erroneous, fail to state claims upon which relief can be granted, and lack substantial justification as defined further in C.R.S. §13-17-102. For the reasons stated above, Plaintiff's complaint should be dismissed

with prejudice. JLF seeks costs under Fed.R.Civ.P.54(d)(1) and attorney's fees as allowed by statute, including but not limited to, 15 U.S.C. § 1692(k)(3), (claims filed against JLF brought in bad faith and for the purpose of harassment) and C.R.S. §13-17-102 (claims filed against JLF lacked substantial justification) and that the court grant such other and further relief as the court deems proper.

Respectfully submitted this 23rd day of June, 2016.

By: *<u>/s/ Alison L. Berry</u>*
Alison L. Berry, #34531
Janeway Law Firm, P.C.
9800 S. Meridian Blvd., Ste. 400
Englewood, CO 80112
Telephone (303) 706-9990
Facsimile: (303) 706-9994
*Attorneys for Defendant Janeway Law Firm, P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2016, I electronically filed the foregoing **DEFENDANT JANEWAY LAW FIRM, P.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6)** via the CM/ECF System and served via the CM/ECF system:

Gary D. Fielder
Law Office of Gary D. Fielder
5777 Olde Wadsworth Boulevard, Suite R700
Arvada, CO 80002
*Attorney for Plaintiff Nancy Haney*

Heather Lee Deere
Medved Dale Decker & Deere, LLC
355 Union Boulevard, Suite 250
Lakewood, CO 80228
*Attorney for Medved Dale Decker & Deere, LLC*

Kelly Sue Kilgore
Kutak Rock, LLC
1801 California Street, Suite 3000
Denver, CO 80202
*Attorney for Defendants Seterus, Inc. and*
*Federal National Mortgage Association*

Scott Leonard Evans
Vanessa Angelica Devereaux
Messner Reeves LLP
1430 Wynkoop Street, Suite 300
Denver, CO 80202
*Attorneys for Wilmington Savings Fund Society, FSB*

Jennifer Ann Davis
Chaffee County Attorney's Office
104 Crestone Ave.
Salida, CO 81201
*Attorneys for DeeDee Cooper,*
*Chaffee County Pubilc Trustee*

LeeAnn Morrill
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Attorney for District Court in and For the Eleventh Judicial District*

s/*Danielle Wafford*
Danielle Wafford