IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01296-PAB-STV

NANCY HANEY,

 Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
BANK OF AMERICA, NA,
THE CASTLE LAW GROUP, LLC, a Colorado limited liability company,
MEDVED DALE DECKER & DEERE, LLC, a Colorado limited liability company,
SETERUS, INC.,
WILMINGTON SAVINGS FUND SOCIETY, FSB, as Trustee for Carlsbad Funding Mortgage Trust,
JANEWAY LAW FIRM, PC, a Colorado professional corporation,
MORTGAGE ELECTRONIC REGISTRY SYSTEMS, INC.,
ROBERT FENSTEMAKER, an individual,
JOHN W. HICKENLOOPER, Governor of the State of Colorado,
DEE DEE COPPER, Chaffee County Public Trustee,
DISTRICT COURT IN AND FOR THE ELEVENTH JUDICIAL DISTRICT, STATE OF COLORADO, and
DOES 1-100,

 Defendants.

# ORDER

This matter is before the Court on that portion of the Motion for Temporary Restraining Order and Request for Preliminary Injunction with Notice to Defendants [Docket No. 133] filed by plaintiff Nancy Haney that seeks a temporary restraining order.

This case involves the foreclosure sale concerning real property located in Salida, Colorado (the "property"). Docket No. 1 at 16, ¶ 86. The District Court for the

County of Chaffee, Colorado authorized the sale of the property on April 18, 2016, Docket No. 6 at 3, ¶ 11, and, on May 4, 2016, Wilmington Savings Fund Society ("Wilmington") was the highest bidder at public auction. Docket No. 1 at 37, ¶¶ 204-05. On May 24, 2016, the Public Trustee issued a confirmation deed to Wilmington. Docket No. 69-8. On December 6, 2016, Wilmington filed a complaint for forcible entry and detainer ("FED") with the Chaffee County Court. Docket No. 134-1. Plaintiff filed an answer and counterclaim against Wilmington with respect to the FED. Docket No. 134-4. The matter was transferred from the County Court to the District Court, where it was docketed as Case No. 2016CV35. *See* Docket No. 134-5. On January 31, 2017, Magistrate Amanda Hunter conducted a hearing on possession. Docket No. 134-10. At that hearing, the court orally ruled in favor of Wilmington and determined that the eviction of Ms. Haney was appropriate. Docket No. 134-11 at 11-12. On February 15, 2017, the magistrate entered a writ of restitution. Docket No. 134-16. On February 21, 2017 at 9:58 p.m. the Chaffee County Sheriff's Office posted a notice to vacate on Ms. Haney's home, giving her 48 hours to vacate the property. Docket No. 134-17.

In the present motion, plaintiff asks the Court to issue a temporary restraining order staying the execution of the writ of restitution, dated February 15, 2017, and restraining defendant Wilmington from any further attempts to evict the plaintiff from the property. Docket No. 133 at 1. The Court declines to do so. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that a district court's injunction of a pending state court criminal prosecution violated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id*. at 41. *Younger* abstention dictates "that federal courts not interfere with state court

proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  Thus, after *Younger*, even when a federal court would otherwise have jurisdiction to grant equitable relief, the court must abstain from exercising jurisdiction when a judgment on the claim would interfere with ongoing state criminal or civil proceedings.  *D.L. v. Unified Sch. Dist.*, 392 F.3d 1223, 1227-28 (10th Cir. 2004).

The Supreme Court has established a threefold analysis for abstention under *Younger*.  A federal court must abstain if (1) there is an ongoing state judicial, civil, or administrative proceeding, (2) which implicates important state interests, and (3) in which there is an adequate opportunity to raise constitutional challenges.  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982); *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). *Younger* abstention is not discretionary and, if abstention applies, a court must dismiss the claim without prejudice.  *D.L.*, 392 F.3d at 1228.

Given the procedural posture of this matter, *Younger* mandates the Court's abstention.  As plaintiff acknowledges, she "is required to, and will file a petition to seek review of the magistrate's order with the State District Court, which is due on or before March 8, 2017."  Docket No. 134 at 10.  Plaintiff does not explain why she could not seek emergency relief in the District Court.  With respect to the second prong of the *Younger* analysis, the Supreme Court has held it to be "beyond question" that ensuring

3

the security of titles to real estate is "an essential state interest." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (rejecting interpretation of bankruptcy code provision that would place the "title of every piece of realty purchased at foreclosure . . . under a federally created cloud"); *see also Beeler Props., LLC v. Lowe Enters. Residential Inv'rs, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007) ("Actions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law"). As to the third prong, plaintiff does not allege any facts or otherwise establish that she would be unable to raise constitutional challenges in defense of the foreclosure proceeding, and the Court finds no basis for so concluding.

Because plaintiff's request for injunctive relief meets the three prongs of the *Younger* analysis, abstention is necessary unless (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith"; (2) the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it"; or (3) there are other extraordinary circumstances involving irreparable injury. *Moore v. Sims*, 442 U.S. 415, 424 (1979) (internal citations and alterations omitted); *Younger*, 401 U.S. at 53. Plaintiff has not demonstrated that any of these circumstances is present in this case. Because *Younger* mandates abstention as to plaintiff's request for a temporary restraining order, the Court does not address the merits of plaintiff's request.

For the foregoing reasons, it is

**ORDERED** that the portion of plaintiff Nancy Haney's Motion for Temporary Restraining Order and Request for Preliminary Injunction with Notice to Defendants [Docket No. 133] that seeks a temporary restraining order is **DENIED**.

DATED February 23, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
